IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ERIC POLANSKY, *et al.*,

    Plaintiffs,

v.

                        Civil Action 2:22-cv-4460
                        Judge James L. Graham
                        Magistrate Judge Elizabeth P. Deavers

FOREST RIVER, INC., *et al.*,

    Defendants.

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant Forest River, Inc.'s ("Forest River") Renewed Motion to Transfer Venue (ECF No. 42), the Opposition filed by Plaintiffs Eric Jay Polansky ("Polansky") and Paradise Motors of Elkton, Inc. ("Paradise Motors") (collectively, "Plaintiffs") (ECF No. 50, as amended by ECF No. 53), Defendant Cummins, Inc.'s ("Cummins") Opposition (ECF No. 55) and Forest River's Reply (ECF No. 62). Defendant Freightliner Custom Chassis Corporation ("Freightliner") has not opposed the motion. For the reasons that follow, the Motion to Transfer is **GRANTED**.

**I.**

This case, filed on December 22, 2022, arises from Plaintiffs' purchase of an RV, a 2021 Forest River Berkshire XLT motor home. (Amended Complaint, ECF No. 35 at ¶ 1.) Defendant Freightliner built and warranted the RV's chassis, Defendant Cummins built and warranted the RV's engine, and Defendant Forest River built and warranted the RV in its final form. (*Id*.) Plaintiffs purchased the RV from Specialty Auto Sales in Canal Winchester, Ohio, on October 2, 2021. (*Id.* at ¶ 7.) Polansky initially purchased the RV in his own name but re-signed the sales

paperwork and purchased it through Paradise Motors, his company.  (*Id*. at ¶ 18.)  The RV was intended for Polansky's "own personal, family and household use of short term recreational travel and camping."  (*Id*.)  Paradise Motors is a Maryland corporation with its principal place of business in Maryland.  (*Id*. at ¶ 5.)   Polansky is a Florida resident.  (*Id*. at ¶ 6.)

According to the Amended Complaint, Forest River is an Indiana corporation with its "principal place of business in, and is domicile[d] in and is a citizen and resident of, Indiana."  (ECF No. 35 at ¶ 9.)  Freightliner is a Delaware corporation doing business in Indiana and elsewhere "and has its principal place of business and is domicile[d] in and is a citizen and resident of South Carolina."  (*Id*. at ¶ 7.)  Cummins is an Indiana corporation doing business in Indiana and elsewhere and "has its principal place of business and is domicile[d] in and is a citizen and resident of Indiana."  (*Id*. at ¶ 8.)

Plaintiffs allege that, despite multiple repair attempts, the RV's defects, including a substantial engine defect, remain unfixed.  (*Id*. at ¶ 1.)  Plaintiffs assert the following claims in their Amended Complaint:

- Paradise Motors asserts a claim for breach of express and implied warranty and/or contract against only Defendants Freightliner and Cummins "in Ohio and/or Pennsylvania and/or Indiana" and a claim against these same two Defendants under the Magnuson Moss Warranty Act, 15 U.S.C. § 2301, *et seq.* (ECF No. 35 at ¶¶ 13-45; 46-51.)

- Both Plaintiffs bring a claim under the Ohio Lemon Law, Ohio Rev. Code § 1345.71, *et seq.*, against only Defendants Forest River and Freightliner.  (ECF No. 35 at ¶¶ 52-69.)

- Polansky brings a claim under the Ohio Consumer Sales Practices Act, Ohio Rev. Code § 1345.09, *et seq*., against all Defendants.  (ECF No. 35 at ¶¶ 70-76.)

- Paradise Motors brings a claim under the Ohio Deceptive Trade Practices Act, Ohio Rev. Code, 4165.01, *et seq*., against all Defendants.  (ECF No. 35 at ¶ 77-82.)

Forest River has moved to transfer this action to the Northern District of Indiana based on the forum selection clause contained in its Limited Warranty. That Limited Warranty, attached as an Exhibit to the Amended Complaint, states, in relevant part:

> **EXCLUSIVE JURISDICTION FOR DECIDING LEGAL DISPUTES RELATING TO THIS LIMITED WARRANTY, AN ALLEGED BREACH OF WARRANTY, BREACH OF IMPLIED WARRANTES, OR REPRESENTATIONS OF ANY KIND MUST BE FILED IN THE COURTS WITHIN THE STATE OF INDIANA.**

(ECF No. 35-2 at 5.)

Plaintiffs have opposed Forest River's motion, contending that the forum selection clause does not apply to their claims, the forum selection clause is not enforceable, and transfer is not appropriate under any applicable forum-non-conveniens analysis. Defendant Cummins also has opposed Forest River's motion, but on a different basis. According to Cummins, although it was not a party to the forum selection clause, the basis for its opposition is that it has filed a currently pending motion to dismiss asserting this Court's lack of personal jurisdiction over it. Cummins does not cite any authority that this procedural posture alone requires denial of or delay in considering a motion to transfer. At most, Cummins broadly cites its desire to avoid the waste of its time, energy and money. Cummins also asserts generally that Indiana has no relationship to this case, although it does acknowledge that both it and Forest River are headquartered there. (ECF No. 55 at 2.)

## II.

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Ordinarily, when considering a motion brought under 28

3

U.S.C. § 1404(a), a district court "must evaluate both the convenience of the parties and various public-interest considerations." *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 62 (2013).

However, this analysis changes "when the parties' contract contains a valid forum-selection clause." *Atl. Marine,* 571 U.S. at 63. "In such cases, the plaintiff's choice of forum 'merits no weight' and courts consider arguments only under the public-interest factors, treating the private-interest factors as 'weigh[ing] entirely in favor of the preselected forum.'" *Lakeside Surfaces, Inc. v. Cambria Co., LLC*, 16 F.4th 209, 215 (6th Cir. 2021) (quoting *Atl. Marine*, 571 U.S. at 63-64) (alteration in original).

As the Sixth Circuit recently instructed, when ruling on a motion to transfer based on a forum selection clause, relevant questions include "whether the forum-selection clause is applicable, mandatory, valid, and enforceable." *Lakeside Surfaces,* 16 F.4th at 216. "The party opposing the forum selection clause bears the burden of showing that the clause should not be enforced." *Wong v. PartyGaming, Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009). Upon a successful showing that the parties have a contract containing a valid, enforceable forum selection clause, "a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Atl. Marine*, 571 U.S. at 51.

### III.

First, regardless of the presence of a forum selection clause, the transferring court must determine whether the action "might have been brought" in the transferee court. *Honeycutt v. Thor Motor Coach, Inc.*, No. 2:21-CV-04717, 2022 WL 2986877, at *2 (S.D. Ohio July 28, 2022) (citing *Kay v. Nat'l City Mortg. Co.*, 494 F. Supp. 2d 845, 849 (S.D. Ohio 2007)); *see also Schoenfeld v. Mercedes-Benz USA, LLC*, No. 3:20-CV-159, 2021 WL 3579016, at *1 (S.D. Ohio

Aug. 13, 2021) (holding that an action "might have been brought" in a transferee court when (1) that court has jurisdiction over the subject matter of the action, (2) venue is proper there, and (3) the defendant is amenable to process there).

The Court finds that Forest River's Motion satisfies the threshold inquiry under § 1404(a). First, the United States District Court for the Northern District of Indiana has jurisdiction over this action pursuant to 28 U.S.C. § 1331, because Plaintiffs bring a federal claim under the Magnuson–Moss Warranty Act, 15 U.S.C. §§ 2301–2312. (*See* ECF No. 35 ¶¶ 46-51.) Second, venue is appropriate in the Northern District of Indiana because Forest River's headquarters are located in Elkhart County, Indiana. (*See* Declaration of Dan Evans, ECF No. 42-2 at ¶ 4; *see also* 28 U.S.C. § 1391(b), (c)(2), and (d)). Finally, no Defendant asserts that it would not be subject to process issuing out of the court in Indiana. Indeed, both Forest River and Cummins are Indiana corporations (ECF No. 35 at ¶¶ 8, 9) and Freightliner has not opposed the Motion to transfer on any basis. Accordingly, Forest River's Motion satisfies the threshold inquiry under § 1404(a) because this action "[could] have been brought" in the Northern District of Indiana. *Honeycutt*, 2022 WL 2986877, at *3.

Further, as explained more fully below, the Court finds that the forum selection clause is applicable, mandatory, valid and enforceable, despite Plaintiffs' arguments to the contrary. The Court considers these issues in turn.

### A. Applicability

Plaintiffs argue that the forum selection clause is not applicable to any claims brought by Polansky because he was not the "first retail purchaser" of the RV as required by the terms of Forest River's Warranty. The Court disagrees that the forum selection does not apply to Polansky. "In the Sixth Circuit, '[a] non-signatory to a contract may be bound by a forum

5

selection clause in that contract if the non-signatory is so sufficiently 'closely related' to the dispute that it is foreseeable that the party will be bound*." Harris v. Salmon Sims Thomas, PLLC*, No. 22-02757-MSN-TMP, 2023 WL 3035348 (W.D. Tenn. Mar. 1, 2023), *report and recommendation adopted,* No. 222CV02757MSNTMP, 2023 WL 3108524, at *7 (W.D. Tenn. Apr. 26, 2023) (quoting *G.C. Franchising Sys., Inc. v. Kelly*, No. 1:19-CV-49, 2021 WL 1209263, at *3 (S.D. Ohio Mar. 31, 2021)). "Courts are to apply a 'common sense approach' in light of the circumstances in order to make this determination." *Id.* (*citing Reagan v. Maquet Cardiovascular U.S. Sales LLC*, No. 1:14-cv-548, 2015 WL 521049, at *3 (N.D. Ohio Feb. 9, 2015). "[A] court must inquire 'whether, in light of [the] circumstances, it is fair and reasonable to bind a non-party to the forum selection clause.'" *Id.* (quoting *Regions Bank v. Wyndham Hotel Mgmt., Inc*., No. 3:09–1054, 2010 WL 908753, at *6 (M.D. Tenn. March 12, 2010)). In this case, the Court finds that, under the circumstances, it would be.

According to both the Amended Complaint and Polansky's Declaration, he "initially signed some documents for the purchase of the RV individually, but then decided to purchase the RV through my business." (ECF No. 50-1 at ¶ 2.) Moreover, the Amended Complaint identifies Polansky as a "buyer" and asserts that "the purpose of the purchase of the RV, and the solicitation to purchase, was purely for Eric Jay Polansky's personal and family use." (ECF No. 35 at ¶ 73.) Indeed, Polansky signed the Customer Delivery and Warranty Registration Form confirming that he had "the opportunity to review the FOREST RIVER, INC. Limited warranty during the purchase of this unit…." Applying the "common sense, totality of the circumstances approach," the Court concludes that it is fair and reasonable to subject Polansky to the forum selection clause under these circumstances. *Farina v. Sirpilla RV Centers*, No. 5:18-CV-2734,

2019 WL 2436987, at *5 (N.D. Ohio June 11, 2019) (applying forum selection clause to husband claiming that he was not bound by his wife's actions).

Plaintiffs also contend that the forum selection clause does not apply to their claims against Forest River.  According to Plaintiffs, they do not allege claims against Forest River for breach of express or implied warranty or fraud arising from false representations.  Instead, Plaintiffs rely on their manner of pleading as set forth above to confirm that they have not asserted warranty-related claims against Forest River.  The Court is not persuaded.

The starting point for the Court's analysis is, of course, the language of the forum selection clause itself.  The precise language of that clause states:  " legal disputes relating to this limited warranty … *or representations of any kind* must be filed in the Courts within the State of Indiana." (ECF No. 35-2 at 5) (emphasis added).   Plaintiffs' claims against Forest River all involve Forest River's *representations* or rely on the existence of the warranty.  For example, in Plaintiffs' Third Claim, alleging a violation of the Ohio Lemon Law, they assert "Plaintiffs purchased the motor home in reliance on the existence of a written warranty from each of the defendants, and on advertising representations and/or warranties of Defendant Forest River." (ECF No. 35 at ¶ 60.)  Further, the Fourth Claim, brought solely by Polansky and alleging a violation of the Ohio Consumer Sales Practices Act, cites to Forest River's representations "through advertising and otherwise" relating to the motor home's "true condition."  (*Id*. at ¶¶ 75 A. and B.)   Likewise, the Fifth Claim, brought solely by Paradise Motors and alleging a violation of the Ohio Deceptive Trade Practices Act, relates to representations "through advertising or otherwise" made by Forest River about the engine, chassis, RV box, and the complete RV.  (*Id*. at ¶¶ 80, 81.)

Moreover, to prevail on an Ohio Lemon Law claim, Plaintiffs must demonstrate, *inter alia*, ownership of a motor vehicle covered by an express warranty and the motor vehicle's lack of conformity to the applicable express warranty, and the vehicle's inability to be conformed to any applicable express warranty after a reasonable number of repair attempts. *Lester v. FCA US LLC*, 2022 WL 1714543, 2022-Ohio-1776, ¶ 28 (1st Dist. May 27, 2022) (citations omitted). As noted above, consistent with their pleading obligations with respect to this claim, Plaintiffs rely on the existence of the Forest River Warranty. Thus, a fair reading of the Amended Complaint confirms that all of Plaintiffs' claims against Forest River arise from Forest River's representations, relate to the Warranty, or rely on the existence of the Warranty as an element of the claim.

Plaintiffs offer two arguments in an effort to overcome the specifics of their pleading. First, they assert that the forum selection clause covers only claims of "fraud relating to false representations." (ECF No. 50 at 7.) This argument is inconsistent with the plain language of the clause as set forth above. Second, they contend, without citation, that the "plain language of the limited warranty makes clear that the forum selection clause does not apply to claims for violation of any state lemon law – it does not even mention the word 'lemon law.'" (*Id*.) The fact that the forum selection clause does not specifically identify state lemon law claims does not support the conclusion that is designed to exclude them. Indeed, to the extent that the Warranty contains limitations or exclusions, it also states that some states do not allow such exclusions or limitations and that other rights may exist but vary by state. (ECF No. 35-2.) Moreover, in similar circumstances, this Court has concluded that a forum selection clause contained in an RV warranty encompasses claims based on Ohio consumer protection laws. *Murphy v. Freightliner Custom Chassis Corp.,* No. 2:16-CV-226, 2016 WL 10880159 (S.D. Ohio Nov. 17, 2016). The

8

Court so concluded even though the forum selection clause at issue in *Murphy* arguably was more limited than the one at issue here. Indeed, that clause stated only, "[a]ny action to enforce this limited warranty or any applicable implied warranties shall be filed in the state or federal courts residing in Allen County or Adams County, Indiana." *See Murphy,* Case No. 2:16-cv-226 (ECF No. 19.)

Even were this not so, public policy supports a broad reading of a forum selection clause. *Travelers Prop. Cas. Co. of Am. v. Centimark, Corp.,* No. 2:04-CV-0916, 2005 WL 1038842, at *2 (S.D. Ohio May 3, 2005). And courts routinely reject attempts to circumvent such a clause via artful pleading. *Id*. Here, despite Plaintiffs' manner of pleading, all of their claims involve allegations that, contrary to Forest River's representations, the RV was defective and that, despite multiple attempts, it remained defective, issues that appear to be based in the Limited Warranty.

### B. Mandatory

Although the parties do not appear to dispute this factor, the Court also finds that the clause is mandatory. "The language of the forum-selection clause determines its scope, and 'mandatory forum selection clauses contain clear language indicating that jurisdiction and venue are appropriate exclusively in the designated forum.'" *Advanced Critical Devices, Inc. v. Bos. Sci. Corp.*, No. 1:21-CV-02227, 2022 WL 1266117, at 4–5 (N.D. Ohio Apr. 28, 2022) (citations omitted). "According to the Sixth Circuit, words like 'shall' and 'exclusive' indicate a mandatory, rather than permissive, forum-selection clause." *Id*. The forum selection clause here includes such language, stating that "exclusive jurisdiction" lies in Indiana such that legal disputes "must" be brought there. *See Rosskamm v. Amazon.com, Inc.,* 637 F. Supp. 3d 500, 509

(N.D. Ohio 2022) (finding use of words "will" and "exclusive" indicated mandatory nature of forum selection clause).

### C. Valid and Enforceable

Finally, the Court concludes that the forum selection clause is valid and enforceable. To defeat the strong presumption in favor of enforceability, the party opposing the forum selection clause must show that: "(1) the clause was obtained by fraud, duress, or other unconscionable means; (2) the designated forum would ineffectively or unfairly handle the suit; (3) the designated forum would be so seriously inconvenient that requiring the plaintiff to bring suit there would be unjust; or (4) enforcing the forum selection clause would contravene a strong public policy of the forum state." *Lakeside Surfaces*, 16 F.4th at 219–20 (citing *Wong*, 589 F.3d at 828). Plaintiffs cite the first, third, and fourth factors in support of their position that the forum selection clause is not valid or enforceable.

With respect to the first factor, Plaintiffs claim that the forum selection clause was obtained by unconscionable means. More specifically, they assert that the forum selection clause was "snuck into the fifth page of the Forest River Limited Warranty-a limited warranty that was never given to Plaintiffs and was only made available online after purchase." (ECF No. 50 at 10.) This argument is unavailing.

Polansky signed the "Customer Delivery and Warranty Registration Form" stating that he had "had the opportunity to review the FOREST RIVER, INC. Limited warranty during the purchase." (ECF No. 42-3.) It is a "long-held principle that parties to contracts are presumed to have read and understood them and that a signatory is bound by a contract that he or she willingly signed." *Farina*, 2019 WL 2436987, at *5. This is so despite Polansky's self-serving statements to the contrary set forth in his Declaration. (ECF No. 59-1 at ¶¶ 3, 4.) *See, e.g.*,

10

*Mullen v. Chaac Pizza Midwest, LLC*, No. 1:20-CV-893, 2022 WL 673187, at *5 (S.D. Ohio Mar. 7, 2022) ('a self-serving affidavit disputing assent cannot create a genuine issue of material fact").

Relatedly with respect to the first factor, Plaintiffs contend that the forum selection clause is the result of Forest River's overreach. This argument is routinely rejected. Overreaching is defined as the "act or an instance of taking unfair commercial advantage of another." *Buckeye Check Cashing of Arizona, Inc. v. Lang*, No. 2:06-CV-792, 2007 WL 641824, at *5 (S.D. Ohio Feb. 23, 2007) (citing *United Rentals, Inc. v. Pruett,* 296 F. Supp. 2d 220, 227 (D.Conn.2003)). A forum selection clause will not be invalidated simply due to a party's lack of sophistication, unequal bargaining power, or lack of ability to negotiate over the clause. *Id.* (citing *Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 593 (1991)). Instead, overreaching requires that the disparity in bargaining power be used to take unfair advantage. *Id*. (citing *Pruett,* 296 F.Supp.2d at 227). Here, Plaintiffs offer no evidence to support their claim of overreaching and, to be clear, Plaintiff Paradise Motors is itself a corporation.

Turning to the third factor, Plaintiffs also claim that litigating the case in Indiana would be so seriously inconvenient as to be unjust. This argument is meritless. To satisfy this factor, a "plaintiff must show that enforcement of the claims would be so inconvenient such that its enforcement would be unjust or unreasonable." *Wong*, 589 F.3d at 829. "This finding must be based on more than mere inconvenience of the party seeking to avoid the clause." *Id.* The party seeking to avoid enforcement of a forum-selection clause bears a "heavy burden." *Rosskamm*, 637 F. Supp. 3d at 512 (quoting *Wong* at 830). The Sixth Circuit has held that enforcement "would not be unreasonable where the opposing party failed to produce any evidence that it was exploited or unfairly treated." *Id.*

Plaintiffs have failed to meet their heavy burden. While Columbus, Ohio may be somewhat closer for purposes of travel, the fact remains that travel for the Plaintiffs and many of the witnesses is inevitable regardless of venue. Indeed, the Columbus, Ohio location is convenient only for potential witnesses from Specialty Auto Sales. Moreover, Polansky and Paradise Motors have provided no evidence suggesting that they would be unable to bear the cost of travel. At best, Polansky describes such travel, likely to be undertaken from his "second home" in Maryland, in conclusory terms such as "severely inconvenient" and "a major financial burden." (ECF No. 50-1 at ¶ 6.) Beyond this, the parties and potential witnesses are corporate entities or affiliated with such entities. Because Plaintiffs rely only on inconvenience and unquantified claims of financial burden in lieu of meaningful evidence, the Court has no record from which it could conclude that transfer to the Northern District of Indiana would be unjust.

Finally, with respect to the fourth factor, Plaintiffs claim that enforcing the forum selection clause would contravene Ohio's public policy. Essentially, Plaintiffs argue that transfer would deprive them of the benefit of Ohio's consumer protection statutes. This argument also lacks merit.

First, Ohio generally recognizes the validity of forum selection clauses. *Zilbert v. Proficio Mortg. Ventures, L.L.C.*, 2014 WL 1776004, 2014-Ohio-1838, ¶ 24 (8th Dist. May 1, 2014). Plaintiffs do not cite any exception to this general rule that would make it inapplicable to the clause at issue here. Further, Plaintiff's argument assumes that Ohio law would not apply. However, transfer generally would not "preclude recovery under Ohio consumer laws." *Honeycutt*, 2022 WL 2986877, at *4. That is, "it is not unheard of for a federal court to hear claims arising under another state's laws." *Id*.

D.     **Public Interest Factors**

Having concluded that the forum selection clause in Forest River's Warranty is applicable, mandatory, valid and enforceable, the Court now considers the public interest factors. Those factors include: "(1) the court's interest in judicial economy; (2) docket congestion; (3) local interest in deciding the controversy at home[;] and (4) in diversity cases, the interest of conducting the trial in the forum of governing law." *PCS & Build, LLC v. Star Bldg. Sys.*, No. 1:22CV521, 2022 WL 17176407, at *5 (S.D. Ohio Nov. 23, 2022) (citing *Olin-Marquez v. Arrow Senior Living Mgmt., LLC*, 586 F. Supp. 3d 759, 778 (S.D. Ohio 2022)) (citation omitted). These public-interest factors "rarely defeat" a transfer motion based on a valid forum-selection clause. *Atl. Marine*, 517 U.S. at 64-65.

Notably, Plaintiffs give these factors cursory treatment at best, instead largely rejecting the applicability of the *Atlantic Marine* analysis. Thus, Plaintiffs address the public interest factors in the context of the traditional § 1404(a) analysis. In that context, Plaintiffs argue that Ohio has the stronger interest here, Ohio courts are more at home with the law, and their chosen forum is Ohio. Although they acknowledge the modified factors, Plaintiffs appear to rely on these arguments.

When undertaking this analysis, the plaintiff's choice of forum and the private interests of the parties receive no weight. *Atl. Marine*, 571 U.S. at 51. Thus, as even Plaintiffs seem to recognize, to the extent they cite their choice of forum as a public interest factor supporting the denial of the motion to transfer, their argument is irrelevant and will not be considered.

With respect to the remaining public interest factors, however, Plaintiffs claim Ohio's interest in this case strongly outweighs Indiana's. In its limited response, Cummins likewise summarily argues that Indiana has no interest. That Ohio has a stronger interest in this case

13

simply is not so. Ohio's only connection to Plaintiffs' claims is that it was the location of purchase. Neither Plaintiff is identified in the Amended Complaint as a resident of Ohio. On the other hand, Indiana's interest is significantly implicated. The RV at issue was manufactured and distributed "in its final form" in Indiana. (ECF No. 35 at ⁋ 4.) And, both Forest River and Cummins are Indiana corporations with their principal places of business in Indiana. (*Id*. at ⁋⁋ 8, 9.)

Further, the Court is not persuaded that any applicability of Ohio law supports denial of the motion to transfer. Assuming Ohio law applies, the Indiana federal courts routinely apply Ohio law fairly and competently. *See, e.g.*, *Litsinger v. Forest River, Inc.*, 536 F. Supp. 3d 334, 359 (N.D. Ind. 2021) (applying Ohio law to implied warranty claim); *USAA Life Ins. Co. v. Cyranek*, No. 419CV00279SEBDML, 2021 WL 2948826, at *4 (S.D. Ind. July 14, 2021) (applying Ohio law to give effect to oral change in beneficiary).

Finally, Plaintiffs have not met their burden of articulating why this is an exceptional case where a valid forum-selection clause should not be enforced. *See Atl. Marine*, 571 U.S. 49, 59-60, ("[A] proper application of § 1404(a) requires that a forum-selection clause be given controlling weight in all but the most exceptional cases.") (citation omitted). Accordingly, the Court must transfer this case to the United States District Court for the Northern District of Indiana pursuant to the forum selection clause.

### IV.

Based on the foregoing, Defendant Forest River's Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a) (Doc. 50) is **GRANTED**. The Clerk is hereby **DIRECTED** to **TRANSFER** this matter to United States District Court for the Northern District of Indiana, South Bend Division.

**IT IS SO ORDERED.**

**DATED: August 24, 2023**

/s/ *Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**