UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ERIC JAY POLANSKY *et al.*,

    Plaintiffs,

v.       CAUSE NO. 3:23cv796 DRL

FOREST RIVER, INC. *et al.*,

    Defendants.

## OPINION AND ORDER

Eric Polansky and Paradise Motors of Elkton, Inc. bought a 2021 Forest River Berkshire XLT from Specialty Auto Sales in Canal Winchester, Ohio. After purchasing the recreational vehicle, these buyers allege they experienced problems with the transmission and engine warning lights. After unsuccessful repair attempts, they sued Forest River, Inc., Freightliner Custom Chassis Corporation (FCCC), and Cummins, Inc. The case began in Ohio federal court before being transferred here. This opinion addresses contested choices of law before summary judgment briefing.

    A.  *Forest River.*

The two buyers (which the court will call Paradise for short today) allege three claims against Forest River—all based on Ohio law. This includes Ohio's Lemon Law, the Ohio Consumer Sales Practices Act (OCSPA), and the Ohio Deceptive Trade Practices Act (ODTPA). Forest River says Indiana law governs based on a choice-of-law clause in its warranty. Paradise says Ohio law governs.

Generally, a court sitting in diversity applies the choice-of-law rules of the state in which it sits. *Auto-Owners Ins. Co. v. Websolv Computing, Inc.*, 580 F.3d 543, 547 (7th Cir. 2009) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). The court has both federal question and diversity jurisdiction today, so the court not just sits in diversity; but, nevertheless in a federal question case,

"the choice-of-law rule for pendent state claims should be that of the forum." *Balt. Orioles, Inc. v. Major League Baseball Players Ass'n*, 805 F.2d 663, 681 (7th Cir. 1986).

The question is which "forum." A prior transfer presents a unique scenario. "Generally, when a case is transferred from a district court with proper venue to another district court, the transferee court will apply the choice-of-law rules of the state in which the transferor court sits." *Dobbs v. Depuy Orthopedics, Inc.*, 842 F.3d 1045, 1048 (7th Cir. 2016); *see also Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964); *Looper v. Cook Inc.*, 20 F.4th 387, 390 (7th Cir. 2021). The Ohio district court was a proper venue. No one says otherwise.

That said, though "generally" a change of venue under 28 U.S.C. § 1404(a) "should be, with respect to state law, but a change of courtrooms," *Van Dusen*, 376 U.S. at 639, this general rule doesn't extend to cases when a transfer motion "is premised on enforcement of a valid forum-selection clause," *Atl. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 65 (2013). Instead, the law "reject[s] the rule that the law of the court in which the plaintiff inappropriately filed suit should follow the case to the forum contractually selected by the parties" because "a plaintiff who files suit in violation of a forum-selection clause . . . is entitled to no concomitant state-law advantages." *Id.* (quotations omitted). The Ohio district court found Forest River's forum selection clause to be valid, so Ohio's choice-of-law rules don't come with the case. Instead, Indiana's choice-of-law rules apply. *See id.*; *Balt. Orioles*, 805 F.2d at 681.

Forest River seeks to enforce the choice-of-law clause in its warranty. It says Indiana law governs "all claims or causes of action arising out of or relating to this limited warranty or implied warranty," whether they sound in "contract, tort, or statute," without giving effect to any conflict of law rule that would cause a different jurisdiction's law to apply [35-2 at 5]. Paradise ignores this language in the warranty and jumps to the "most significant relationship test" (albeit incorrectly under Ohio law) to argue that Ohio law applies to the lemon law and deceptive practices claims.

2

Indiana presumes the validity of this choice-of-law provision, *Allen v. Great Am. Reserve Ins. Co.*, 766 N.E.2d 1157, 1162 (Ind. 2002), and no exceptional circumstances exist to upset its application here, *Barrow v. ATCO Mfg. Co.*, 524 N.E.2d 1313, 1314-15 (Ind. Ct. App. 1988); *Sheldon v. Munford, Inc.*, 660 F. Supp. 130, 134 (N.D. Ind. 1987). It cannot be said that Indiana has no "substantial relationship" to the contract or that Indiana law is contrary to a "fundamental policy" of the state with a materially greater interest in the litigation, *Barrow*, 524 N.E.2d at 1314-15 (citing Restatement (Second) of Conflict of Laws § 187 (Am. Law Inst. 1971)). Nor has anyone argued such exceptional circumstances.

Paradise argues instead that this choice-of-law provision should not apply because its claims are separate and distinct from the written warranty. In short, Paradise argues that these claims arise by way of statute, not the warranty—and, more particularly in the case of the OCSPA and ODTPA claims, arise from misrepresentations in advertising. The choice-of-law provision, however, uses the broadest of language. Indiana law governs not just a claim that arises from the warranty, but one that relates to it. *See, e.g., Kiefer Specialty Flooring, Inc. v. Tarkett, Inc.*, 174 F.3d 907, 909-10 (7th Cir. 1999) (viewing such language as "broad and capable of an expansive reach"); *see also United States v. Liestman*, 97 F.4th 1054, 1061 (7th Cir. 2024) ("relating to" is the "broadest of connecting language"); *see also Lamar, Archer & Cofrin, LLP v. Appling*, 584 U.S. 709, 717 (2018).

This case arrives here in part after Magistrate Judge Elizabeth Preston Deavers entered a thoughtful transfer order that found that Paradise's claims arise from Forest River's representations, relate to the warranty, or relate to the warranty's existence. Nothing has changed for this part of the analysis. For the lemon law claim, Paradise alleges its reliance on the warranty's existence and Forest River's violations of this warranty. Indeed, this is part and parcel of its burden to pursue a claim under Ohio's Lemon Law. *See* Ohio Rev. Code § 1345.72. As such, Ohio law cannot apply in violation of the express choice of Indiana law in the warranty. Paradise seems to acknowledge that it would have no claim under Indiana's version of a lemon law.

3

The same is true for the OCSPA and ODTPA claims [35 ¶ 74, 75(C), 75(E), 75(F), 75(H), 80-81]. For one, Paradise (really just Mr. Polansky for this claim) posits the OCSPA claim on the alleged lemon law violation, thereby tying this claim in the same manner to the warranty. For another, Paradise bases both the OCSPA and ODTPA claims on the warranty's existence and terms. The OCSPA claim alleges that Forest River, as both manufacturer and warrantor, violated its statutory duties under the Magnuson-Moss Warranty Act (MMWA), which by its terms here presupposes relief under an express warranty. The OCSPA claim likewise seeks relief because Forest River breached its express warranty. The ODTPA claim also alleges that Forest River engaged in deceptive practices when it warranted the product to have certain characteristics or a particular standard that the unit lacked. As Forest River argues, these claims hinge on the written warranty and whether Forest River breached it.

Accordingly, all three claims relate to the warranty, meaning they are governed by express agreement by Indiana law. Paradise expresses the view that it intends only to proceed on the basis of Ohio law for these three claims, so the court takes from this that there is no reason for counts 3-5 to remain for summary judgment briefing. Given the requirement that the parties meet and confer before summary judgment briefing, the court will order the parties to confer and for plaintiffs to file a notice by November 25, 2024 either indicating that these claims will be voluntarily dismissed or abandoned or to show cause why the court should not enter summary judgment. *See* Fed. R. Civ. P. 56(f)(3).

B.  *Cummins, Inc.*

The parties agree that Ohio law applies to all the claims against Cummins, except for the express warranty claim vehicled through the MMWA (or any leftover contract claim). For this, Cummins argues Indiana law whereas Paradise argues Ohio law. "Before entangling itself in messy issues of conflicts of laws a court ought to satisfy itself that there actually is a difference between the relevant laws of different states." *Hartford Accident & Indem. Co. v. Dana Corp.*, 690 N.E.2d 285, 291 (Ind. Ct. App. 1997) (citing *Barron v. Ford Motor Co. of Canada Ltd.*, 965 F.2d 195, 197 (7th Cir. 1992)).

4

There must be a conflict "important enough to affect the outcome of the litigation." *Simon v. United States*, 805 N.E.2d 798, 805 (Ind. 2004); *Rexroad v. Greenwood Motor Lines, Inc.*, 36 N.E.3d 1181, 1183 (Ind. Ct. App. 2015).

Paradise points out that Indiana law requires at least three repair opportunities or a reasonable number of days out of service for a warranty claim, *see Zylstra v. DRV, LLC*, 8 F.4th 597, 603 (7th Cir. 2021), whereas Ohio law at times allows fewer, *see Temple v. Fleetwood Enters.*, 133 F. Appx. 254, 268 (6th Cir. 2005) (at least two attempts); *Abele v. Bayliner Marine Corp.*, 11 F. Supp.2d 955, 961-62 (N.D. Ohio 1997) (at least two attempts). This difference could materially change the summary judgment arguments and outcome. *See, e.g., Mouser v. Keystone RV Co.*, 2023 U.S. Dist. LEXIS 41587, 11-12 (N.D. Ind. Mar. 13, 2023). The Uniform Commercial Code adopted in each state may inform the MMWA claim, but the interpretations of the law's requirements diverge to create a conflict of laws.

Indiana's choice-of-law rules apply, but both Ohio and Indiana courts employ the most significant relationship test to determine which substantive law governs a contract or warranty case. Under this test, the court "applies only the law of the state with the most intimate contacts." *Nat'l Union Fire Ins. Co. v. Std. Fusee Corp.*, 940 N.E.2d 810, 815 (Ind. 2010); *see also Ohayon v. Safeco Ins. Co.*, 747 N.E.2d 206, 209-11 (Ohio 2001). The court considers the place of contracting, negotiation, and performance; the location of the contract's subject matter; and the domicile of the parties. *Cincinnati Ins. Co. v. Trosky*, 918 N.E.2d 1, 7 (Ind. Ct. App. 2009).

Using this test for the express warranty claim against Cummins, Ohio law applies. Cummins offers no argument on these factors. Paradise does. Paradise contracted for the unit in Ohio (with Specialty Auto Sales). The parties provide no information that negotiations occurred other than in Ohio. Paradise alleges that Cummins offered an express warranty [35 Ex. 5] that, to the extent it formed the basis of the bargain, arose from the sale in Ohio. Repairs to the unit occurred in both Ohio and Pennsylvania, so performance by way of delivery of the unit appears to have been in Ohio

5

and performance by way of repair efforts appears to have been split. No one advises the court where the unit currently is located, but the subject matter of repairs occurred in either Ohio or Pennsylvania. Forest River and Cummins are both Indiana citizens, and the plaintiffs are citizens of Maryland and Florida. Overall, most all these factors favor Ohio. Ohio law thus applies to the express warranty claim against Cummins.

## CONCLUSION

The case will thus proceed on the choices of law agreed by the parties. In addition, the court DETERMINES that Indiana law would govern the lemon law, deceptive practices, and consumer sales claims against Forest River, and that Ohio law governs the express warranty claim (and any contract claim) against Cummins. The court ORDERS the parties to confer and for plaintiffs to file a notice by November 25, 2024 either indicating that counts 3-5 against Forest River will be voluntarily dismissed or abandoned or to show cause why the court should not enter summary judgment on these three claims. The dispositive motion deadline remains December 16, 2024.

SO ORDERED.

November 13, 2024                              *s/ Damon R. Leichty*
                                               Judge, United States District Court